GETCHELL & SONS v. MUSGROVE ET AL.

1. **Mechanic's Lien**: TAKING COLLATERAL SECURITY: AGREEMENT TO RESTORE LIEN. Although the right to a mechanic's lien has been forfeited by the taking of collateral security, such security may be surrendered and the lien, by agreement of the parties, restored; and when so restored it becomes as valid and effective between the parties, or those subsequently acquiring rights in the property, as though no security had been taken.

*Appeal from Polk Circuit Court.*

SATURDAY, OCTOBER 23.

ACTION to foreclose a mechanic's lien for materials furnished to the defendant McConnell for the erection of a building. McConnell made default. The defendant Musgrove in her answer averred that at the time the materials were furnished by plaintiffs she was the owner of the land upon which the building was erected, and that she is now the owner of the building; that after the materials were furnished

by plaintiff the defendant McConnell executed his promissory note for the amount due therefor, and to secure said note executed and delivered to plaintiffs a chattel mortgage upon a horse, wagon and harness; that by reason of taking said security plaintiffs have no mechanic's lien for the materials so furnished.

The plaintiffs in their reply admitted that they took a note and mortgage from McConnell, as alleged in the answer. But they averred it was afterward mutually agreed between plaintiffs and McConnell that said mortgage should be surrendered and canceled, and the mortgaged property released, and that plaintiffs should file their claim for a mechanic's lien as their sole and only security for the materials sold by them, which was accordingly done; that at that time said McConnell was the owner of said building, and held the same interest in the land on which the same was situated as he did when the building was erected and the materials furnished by plaintiffs, and that no rights of the defendant Musgrove had intervened prior to the surrender and cancellation of the mortgage and the filing of the mechanic's lien. To this reply there was a demurrer, which was overruled. Defendant Musgrove appeals.

*Phillips, Goode & Phillips*, for appellant.

*Miller & Godfrey*, for appellee.

1. MECHANIC'S lien: taking collateral security: agreement to restore lien.

ROTHROCK, J.—Section 2129 of the Code, which was in force when the materials were furnished and the mortgage taken and canceled, is in these words: "No person is entitled to a mechanic's lien who takes collateral security on the same contract." It is contended by counsel for appellant that under this statute the parties to the contract for the materials had no power to revive the lien, it having been wholly lost and destroyed by taking the collateral security. In other words, it is claimed that as the plaintiffs were not entitled to a lien

because they took collateral security, they could not by contract with McConnell acquire that which the law declares they shall not have. But we think the parties to the contract may waive this provision of the statute, or rather that the owner of the building may by his acts estop himself from asserting any right under it. McConnell agreed with plaintiffs that if they would surrender the mortgage they might assert the mechanic's lien. He would be estopped from claiming that there was no lien because collateral security had once been taken for the debt.

It will be understood that this controversy, as it appears from the pleadings, presents no other question than if McConnell alone were defending the enforcement of the lien. It appears that the defendant McConnell, at the time the mortgage was surrendered and the lien filed, was the owner of the building, and held the same interest in the land as he did when the building was erected, and the material furnished, and that no rights of the defendant Musgrove had intervened. The defendant Musgrove was, therefore, in no way prejudiced by the surrender of the mortgage, and the assertion of the mechanic's lien. She acquired whatever right she may have as against the lien after it was filed and the collateral security canceled. We think the judgment of the Circuit Court must be

AFFIRMED.